933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee PARKS, Plaintiff-Appellant,
v.
Garry L. KELLY, Captain, Defendant-Appellee.
 No. 91-3143.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Lee Parks, a pro se Ohio state prisoner, appeals the district court's summary judgment in favor of the defendant in this prisoner civil rights case filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On February 20, 1985, while incarcerated at the London Correctional Facility, Parks was issued a misconduct report by two corrections officers. Defendant Kelly was the hearing officer who handled Parks's misconduct report. In his complaint, Parks alleged that he was denied due process because the defendant denied his request for a hearing before the Rules Infraction Board. Parks sued the defendant in his official capacity and sought $25,000.00 in compensatory damages and $50,000.00 in punitive damages for the alleged retaliatory action taken against him for exercising his first amendment rights.
 
 
 3
 The defendant filed a motion for summary judgment based upon his eleventh amendment immunity. The district court held that Parks's action was barred by the eleventh amendment since Parks sought only money damages from the defendant for acts committed while the defendant was acting in his official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989); Foulks v. Ohio Dep't of Rehabilitation and Correction, 713 F.2d 1229, 1233 (6th Cir.1983).
 
 
 4
 Upon consideration, we find the district court correctly concluded that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Accordingly, the district court's summary judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.